UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
THOMAS GESUALDI and FRANK FINKEL,
Trustees of the Local 282 International Brotherhood
of Teamsters Welfare, Pension, Annuity, Job
Training and Vacation/Sick Leave Trust Funds,

                Plaintiffs,                     **MEMORANDUM AND ORDER**

      -against-                                09-CV-5453 (SLT)(SMG)

CAMBRIA RUBBISH & CONTAINER
SERVICES, INC. and DALE SMITH,

                Defendants.
------------------------------------------------------x

**TOWNES, United States District Judge:**

Plaintiffs are trustees of Local 282 International Brotherhood of Teamster Welfare, Pension, Annuity, Job Training, and Vacation/Sick Leave Trust Funds (collectively, the "Funds"). On December 14, 2009, plaintiffs filed this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1132 and 1145. They seek to recover monies allegedly owed by defendants Cambria Rubbish & Container Services, Inc. ("Cambria Rubbish") and Dale Smith ("Smith") to various benefit funds for delinquent contributions for the period from July through November 2009. They also seek to recover interest, liquidated damages, and attorney's fees and costs pursuant to ERISA and to hold defendant Smith individually liable for dishonored checks. Defendants were properly served but failed to answer or move in any regard with respect to the complaint. On February 22, 2010, Plaintiffs moved for default judgment, and the Clerk of the Court made a notation of default pursuant to Federal Rule of Civil Procedure 55(a). By order dated April 9, 2010, this Court referred plaintiffs' motion to Magistrate Judge Steven M. Gold.

On November 19, 2010, Judge Gold issued his report and recommendation ("R&R"),

recommending that default judgment be entered in this case in favor of the Fund in the amount of $34,333.46, comprised of $20,701.14 in unpaid contributions, $1,306.09 in interest, $4,140.23 in liquidated damages, $2,550 in administrative fees for dishonored checks, and $5,636 in attorney's fees and costs. The R&R also recommended that Cambria be held liable for additional interest on the $20,701.14 at the rate of 18% per annum beginning from February 19, 2010 to the date of judgment, to be calculated by the Clerk of the Court. The R&R further recommended that judgment be entered against Dale Smith jointly and severally in the amount of $13,939.54. Finally, the R&R recommended that plaintiff's application for a permanent injunction be denied. The R&R advised defendants that any objections must be filed with the Clerk of Court within fourteen (14) days of the receipt of the R&R. R&R at 9. However, as of the date of this Memorandum and Order, defendants have neither filed objections to the R&R nor requested an extension of time in which to do so.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Gold's Report and Recommendation dated November 19, 2010, recommending 1.) that plaintiff's motion for default judgment be granted and that default judgment be entered against defendant Cambria Rubbish in the amount of $34,333.46, comprised of $20,701.14 in unpaid contributions, $1,306.09 in interest, $4,140.23 in liquidated damages, $2,550 in administrative fees for dishonored checks, and $5,636 in attorney's fees and costs, as well as additional interest on the $20,701.14 at the rate of 18% per annum beginning from February 19, 2010 to the date of judgment, to be calculated by the Clerk of the Court; 2.) that judgment be entered against defendant Dale Smith jointly and severally in the amount of $13,939.54; and 3.) that plaintiff's motion for injunctive relief be denied, is adopted in its entirety. This Court will enter judgment in favor of plaintiffs and against defendants Cambria Rubbish & Container Services, Inc. and Dale Smith.

SO ORDERED.

/s/
SANDRA L. TOWNES
United States District Judge

Dated: December 29, 2010
Brooklyn, New York